KEREN E. GESUND, ESQ.
Louisiana Bar No. 34397
**THE BOURASSA LAW GROUP, LLC**
166 Country Club Dr.
New Orleans, LA 70124
Tel: (702) 300-1180
Fax: (702) 851-2189
gesundk@gesundlawoffices.com
*Attorneys for Plaintiffs*

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| VIOLETTE C. IKONOMIDIS, an individual, on behalf of themselves and those similarly situated;<br><br>Plaintiffs,<br><br>vs.<br><br>SOURCE RECEIVABLES MANAGEMENT, LLC a North Carolina limited liability company,<br><br>Defendant. | Case No.:<br><br>**CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**<br><br>**JURY DEMANDED** |

### **COMPLAINT**

Plaintiff, VIOLETTE C. IKONOMIDIS (hereinafter referred to as "PLAINTIFF") by and through undersigned attorney, alleges upon knowledge as to herself and her own acts, and upon information and belief as to all other matters, brings this complaint against the above-named defendant and in support thereof alleges the following:

### **PRELIMINARY STATEMENT**

1. PLAINTIFF bring this action on her own behalf and on the behalf of all others similarly situated for actual and statutory damages arising from DEFENDANT'S violations of the Fair Debt Collection Practices Act (hereinafter referred to as the "FDCPA"), 15 U.S.C. § 1692, *et seq.*

- 1 -

**JURISDICTION AND VENUE**

2. Jurisdiction of this Court is invoked under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331, and supplemental jurisdiction exists for the state law claims under 28 U.S.C. § 1367.

3. Venue in this District is proper because PLAINTIFF and DEFENDANT reside and/or do business in the Eastern District of Louisiana. Venue is also proper in this district because the acts and transactions that give rise to this action occurred, in substantial part, in the Eastern District of Louisiana.

**PARTIES**

4. PLAINTIFF is a natural person who resides in Louisiana.

5. PLAINTIFF is a "consumer" as defined in the FDCPA at 15 U.S.C. § 1692a(3).

6. PLAINTIFF allegedly owes a (past due) consumer debt as defined by 15 U.S.C. § 1692a(5).

7. SOURCE RECEIVABLES MANAGEMENT, LLC (hereinafter referred to as "DEFENDANT") is a North Carolina limited liability corporation, the principal purpose of whose business is the collection of debts.

8. PLAINTIFF is informed and believe, and thereon alleges, that DEFENDANT regularly collects or attempts to collect consumer debts owed or due or asserted to be owed or due another and that the DEFENDANT is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

**STATEMENT OF FACTS**

9. PLAINTIFF repeats, re-alleges, and incorporates by reference, paragraphs 1 through 8 inclusive, above.

10. On or about August 16, 2012, DEFENDANT mailed or caused to be mailed a form collection letter to PLAINTIFF, in an attempt to collect a consumer debt from

PLAINTIFF allegedly owed to another. A true and correct copy of the form letter is attached hereto as Exhibit "1".

11. The form letter sent by DEFENDANT to PLAINTIFF states, in pertinent part:

> Unless you notify this office within 30 days after receiving this notice that you dispute the validity of the debt or any portion thereof, this office will assume the debt is valid. If you notify this office in writing within 30 days from receiving this notice that you dispute the validity of this debt or any portion of it, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. **If you request of this office within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.** (emphasis added).

12. According to the August 16, 2012 letter, PLAINTIFF was required to make a payment "no later than **09/06/12**," or within 21 days from the date the letter was mailed. (emphasis in original).

## CLASS ALLEGATIONS

13. PLAINTIFF repeats, re-alleges, and incorporates by reference, paragraphs 1 through 12 inclusive, above.

14. These claims for relief are brought by PLAINTIFF individually and on behalf of the following classes :

    a. Class Number One: A national class consisting of consumers who:

        i. Within one year prior to the filing of this action;

        ii. Were sent a collection letter by DEFENDANT;

        iii. Which contained the following provision: "If you request of this office within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor;" and

iv. The letter was not returned by the postal service as undelivered.

b. Class Number Two: A national class consisting of consumers who:

v. Within one year prior to the filing of this action;

vi. Were sent a collection letter by DEFENDANT;

vii. Which demanded payment within the 30 day validation payment; and

viii. The letter was not returned by the postal service as undelivered.

15. Under Federal Rule of Civil Procedure Rule 23, a class action is appropriate and preferable in this case because:

a. The collection letter at the heart of this litigation is a form letter and the class is so numerous that joinder of all members is impractical.

b. There are questions of law and fact common to the class that predominate over any questions affecting individual class members. The principal question presented by this case is whether the form letter attached as Exhibit 1 violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692g.

c. The only issue related to the individuals of class is the identification of the individual consumers who received the Form Letters (i.e. the class members), a matter capable of ministerial determination from the DEFENDANT'S records.

d. PLAINTIFF'S claims are typical of those of the class members. All are based on the same facts and legal theories.

e. PLAINTIFF will fairly and adequately represent the class members' interests and have retained counsel experienced in handling class actions and collection abuse claims.

- 4 -

16. A class action is superior for the fair and efficient adjudication of the class members' claims as Congress specifically envisioned class actions as a principal means of enforcing the FDCPA. *See* 15 U.S.C.§ 1692k. The members of the class are generally unsophisticated consumers, whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the classes would also create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards and would not be in the best interest of judicial economy.

17. If facts are discovered to be appropriate, PLAINTIFF will seek to certify the class under Rule 23(b)(3) of the Federal Rules of Civil Procedure.

**FIRST CLAIM FOR RELIEF**

**BROUGHT BY PLAINTIFF INDIVIDUALLY AND ON BEHALF OF
A CLASS OF SIMILARLY SITUATED PERSONS DEFINED HEREIN AS CLASS ONE
AND CLASS TWO
FOR VIOLATIONS OF THE FDCPA 15 U.S.C.§ 1692g(a)**

18. PLAINTIFF repeats, re-alleges, and incorporate by reference, paragraphs 1 through 17 inclusive, above.

19. The FDCPA requires that, when first communicating with a consumer in connection with the collection of a debt or within five days afterwards, debt collectors shall send the consumer a written notice containing:

> (1) the amount of the debt;
> (2) the name of the creditor to whom the debt is owed;
> (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;
> (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
> (5) a statement that, upon the consumer's written request within

- 5 -

   the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

15 U.S.C. § 1692g(a).

20. The form letters sent by DEFENDANT to PLAINTIFF and the class members are deceptive and misleading because they fail to identify that a consumer must provide a *written request* within the thirty-day period to obtain the name and address of the original creditor, if different from the current creditor in violation of 15 U.S.C. section 1692g(a). *See McMurray v. ProCollect, Inc.*, 687 F.3d 665, 668 (5th Cir. 2012); *see also Yrok Gee Au Chan v. N. Am. Collectors, Inc.* 2006 WL 778642 (N.D. Cal. Mar. 24, 2006).

21. As a result of the FDCPA violations by DEFENDANT, PLAINTIFF has suffered actual damages to be shown specifically at the time of trial, and is entitled to an award of statutory damages.

22. It has been necessary for PLAINTIFF to obtain the services of an attorney to pursue this claim and PLAINTIFF is entitled to recover reasonable attorneys' fees therefor.

## SECOND CLAIM FOR RELIEF

**BROUGHT BY PLAINTIFFS INDIVIDUALLY AND ON BEHALF OF A CLASS OF SIMILARLY SITUATED PERSONS DEFINED HEREIN AS CLASS ONE AND CLASS TWO FOR VIOLATIONS OF THE FDCPA 15 U.S.C.§ 1692g(b)**

23. PLAINTIFF repeats, re-alleges, and incorporates by reference, paragraphs 1 through 22 inclusive, above.

24. 15 U.S.C. § 1692g(b) provides, in pertinent part: "Any collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor."

- 6 -

25. The form letters are deceptive and misleading, and violate 15 U.S.C. § 1692g(b) in that PLAINTIFF'S and the class members' rights to dispute the debt are overshadowed in the letter by DEFENDANT'S contradictory requirement that PLAINTIFF and the class members' must pay to resolve the account within 21 days from the date of the letter. *See McMurray v. ProCollect, Inc.*, 687 F.3d 665, 670 (5th Cir. 2012); *see also Peter v. GC Services L.P.* 310 F.3d 344, 349 (5th Cir. 2002).

26. As a result of the FDCPA violations by DEFENDANT, PLAINTIFF has suffered actual damages to be shown specifically at the time of trial, and is entitled to an award of statutory damages.

27. It has been necessary for PLAINTIFF to obtain the services of an attorney to pursue this claim and PLAINTIFF is entitled to recover reasonable attorneys' fees therefor.

**DEMAND FOR JURY TRIAL**

30. Please take notice that PLAINTIFF demands trial by jury in this action.

**PRAYER FOR RELIEF**

WHEREFORE, PLAINTIFF respectfully prays that this Court grant the following relief in PLAINTIFF'S favor, and on behalf of the class, and that judgment be entered against DEFENDANT for the following:

(1) For actual damages incurred by PLAINTIFF pursuant to 15 U.S.C. § 1692k(a)(1);

(2) For statutory damages awarded to PLAINTIFF, not to exceed $1000, pursuant to 15 U.S.C. § 1692k(a)(2)(A);

(3) For statutory damages awarded to the Class Members, pursuant to 15 U.S.C. § 1692k(a)(2)(B), of the amount not to exceed the lesser of $500,000.000 or 1 per centum (1%) of the net worth of the DEFENDANT;

(4) A declaration that the form letter, represented by Exhibits "1", violated the FDCPA, pursuant to 15 U.S.C. § 1592k(a)(3);

(5) For disgorgement of all of Defendant's profits obtained through use of the form letter at issue;

(6) For reasonable attorney fees for all services performed by counsel in connection with the prosecution of these claims;

(7) For reimbursement for all costs and expenses incurred in connection with the prosecution of these claims; and

(8) For any and all other relief this Court may deem appropriate.

DATED this 9th day of August 2013.

THE BOURASSA LAW GROUP, LLC

_____
KEREN E. GESUND, ESQ.
Louisiana Bar No. 34397
166 Country Club Drive
New Orleans, LA 70124
Tel: (702) 300-1180
Fax: (702) 851-2189
*Attorneys for Plaintiff*

- 8 -

# Exhibit "1"

Exhibit "1"

Suite 102
Greensboro, NC  27407
1-877-251-3775

| | |
|---|---|
| Responsible Party: | Violette C Ikonomidis |
| SRM Account #: | 10666973 |
| Current Owner: | CIGPF I CORP |
| Original Creditor: | PROVIDIAN CC 3 |
| Account #: | 4036240008534549 |
| Amount Due: | $1,217.71 |

## AFFORDABLE OPTIONS TO RESOLVE THIS ACCOUNT!

Sometimes difficult situations arise that can cause financial hardship.  We want to help you resolve your account and have developed three affordable options for you to pay off this account.  Please call our toll free number 1-877-251-3775 to make arrangements and cease collection activity.

| **Single Payment Settlement Option:** | **3 Monthly Payment Plan:** | **Balance in Full Payment Plan:** |
|---|---|---|
| ➤ Take **$730.63** off the balance.<br>➤ Pay **$487.08** no later than **09/06/12**.<br>➤ Your account will be considered **"Settled in Full"** after we post your payment. | ➤ Take **$608.86** off the balance.<br>➤ Pay over 3 equal monthly installments of **$202.95**.<br>➤ First payment due no later than **09/06/12**.<br>➤ Your account will be considered **"Settled in Full"** after we post your final payment. | ➤ Pay as little as **$101.48** per month.<br>➤ First payment due no later than **09/06/12**.<br>➤ Your account will be considered **"Paid in Full"** once the account reaches a zero balance. |

*Get started and take advantage of one of these options to move you closer to debt reduction and less financial worry!*

### PLEASE RESPOND

  Call Toll-Free 1-877-251-3775 to discuss payment arrangements.  Let us prove how committed we are to working with you!

  Pay by mail to:  Source Receivables Management, P.O. Box 4068, Greensboro, NC 27404-4068.  Please include account # with your payment.

You can now pay online at **www.paysourcerm.com**

  Office Hours (Eastern Time):  Mon-Tues, 8am-9pm; Wed-Fri, 8am-5pm

This letter is from a debt collector and is an attempt to collect a debt.  Any information obtained will be used for that purpose.
Unless you notify this office within 30 days after receiving this notice that you dispute the validity of the debt or any portion thereof, this office will assume this debt is valid.  If you notify this office in writing within 30 days from receiving this notice that you dispute the validity of this debt or any portion of it, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification.  If you request of this office within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

0002788

1302